IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

STEVEN UMBRIA

       Plaintiff,

   v.                                   JURY TRIAL DEMANDED

VALLEY FORGE CASINO RESORT           No.

      and

BOYD GAMING CORPORATION

       Defendants.

_____

## CIVIL COMPLAINT

Plaintiff Steven Umbria files this Complaint against Defendants Valley Forge Casino Resort and Boyd Gaming Corporation, and in support thereof avers as follows:

### Jurisdiction and Venue

1.    The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction over Counts I, II, III and IV, which are based upon laws of the United States of America, the Age Discrimination in Employment Act, 29 U.S.C. §621 ("ADEA"); and the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADA").

2.    Plaintiff requests a trial by jury of the claims raised herein.

3.    Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendants have ongoing business operations in this District and many of the events giving rise to the claim occurred in this District.

4.    The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

5.     Plaintiff has complied with the applicable administrative remedies by timely filing Charges with the Equal Employment Opportunity Commission ("EEOC"), Charge no. 530-2021-00021 on October 2, 2020; and Charge no. 530-2021-02485 on March 17, 2021. Each of the Charges was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

6.     On April 5, 2021, the EEOC issued Notices of Right to Sue, permitting Plaintiff to file his causes of action under the ADEA and ADA.

7.     Upon receipt of applicable authority from the Pennsylvania Human Relations Commission, Plaintiff intends to amend this Complaint and assert causes of action for age and disability discrimination and retaliation under the Pennsylvania Human Relations Act, 43 P. S. §955(a). ("PHRA").

**Parties**

8.     Plaintiff Steven Umbria ("Umbria ") resides at 2 Barton Road, Liberty, NY 12754; Umbria formerly resided at 1912 Meadow Drive, Blue Bell Villas, Blue Bell, PA 19422.

9.     Defendant Valley Forge Casino Resort ("VFCR") operates a principal place of business in the Commonwealth of Pennsylvania at 1160 1st Avenue, King of Prussia, (Montgomery County) PA 19406.

10.    Defendant  Boyd Gaming Corporation ("Boyd Gaming") is a Nevada corporation, which maintains its corporate headquarters at 6465 S. Rainbow Boulevard, Las Vegas, NV 89118.

11.    At all times relevant hereto, Defendants VFCR and Boyd Gaming were acting through their agents, servants and employees, who were acting within the scope of their authority, in the course of their employment, and under the direct control of VFCR and Boyd Gaming.

2

## FACTUAL BACKGROUND

12.     Umbria is a 64-year-old male.

13.     VFCR operates a gaming resort that features a 40,000-square-foot gaming floor, plus 100,000 square feet of conference, and banquet facilities, two luxury hotel towers, eight dining options, and live entertainment.

14.     VFCR is part of Boyd Gaming, one of the largest casino entertainment companies in the United States, which owns and operates 29 gaming properties in ten states.

### Umbria's Hiring as VCFR's Director of Information Technology

15.     Umbria has over 40 years of experience in the casino gaming technology industry.

16.     On September 4, 2019, Umbria commenced employment with VFCR as Director of Information Technology ("IT"); Umbria was initially paid an annual salary of $115,000.00, plus employment benefits.

17.     Prior to accepting the job at VFCR, Umbria resided over three hours away in the Catskill Mountains of New York.

18.     Umbria received moving and relocation expenses as part of the Boyd Domestic Relocation Reimbursement Program, in order to relocate to Montgomery County, Pennsylvania.

19.     After initially living at VFCR, Umbria signed a one-year lease for an apartment commencing, September 18, 2019.

20.     As Director of IT, Umbria's duties included overseeing, directing, planning, coordinating, and organizing all operational activities of the IT Department, including managing and developing IT Staff.

21.     During his employment, Umbria had substantial responsibilities with regard to converting VFCR's former information technology systems to Boyd Gaming computer systems.

3

22.     David Zerfing, VFCR Vice President, and General Manager and Gregg Lowe, Boyd Gaming's Vice President of IT Operations, acknowledged that Umbria's efforts resulted in a significant improvement of the IT Department.

23.     Umbria had several direct reports including, Grant Brotze, a Manager, age 21; and two Technicians, who were hired and trained by Umbria.

24.     Tom Schopf ("Schopf") also applied for and was interviewed for the Director of IT position for which VFCR hired Umbria.

25.     As of September 2019,  Schopf was employed in an IT position for Boyd Gaming in Las Vegas, Nevada.

26.     As of September 2019,  Schopf had approximately two years of experience working in the casino industry.

27.     Shortly after Umbria began working at VFCR he noticed that Schopf was at the VFCR property even though Schopf had no role at VFCR.

28.     When Umbria inquired about Schopf's presence at VFCR, Vice President and General Manager Zerfing advised Umbria that Schopf was using VFCR as an office because he had family in Pennsylvania.

29.     Vice President and General Manager Zerfing advised Umbria that Schopf had applied for the Director IT position at VFCR, but that Umbria was hired, and Schopf was not hired, because Schopf was not qualified for the job.

### Umbria's Remote Work From Home

30.     Umbria has certain chronic medical issues, including, insulin dependent diabetes, heart disease, high blood pressure, an abdominal hernia from a stab wound, and liver cirrhosis, and shortly before being hired by VFCR, Umbria had recently recovered from Hepatitis C.

31.     Umbria is a U.S. Airforce veteran who receives medical care from Department of Veteran Affairs physicians.

32.     Following the onset of COVID-19, Umbria consulted with his treating physicians and Umbria was advised that due to his medical conditions, he was "high-risk" if exposed to COVID-19; and as a consequence, he should work remotely from his home.

33.     On March 24, 2020, Umbria presented a doctor's note to VFCR substantiating his need to work remotely, and Umbria began working remotely on March 26, 2020.

34.     While Umbria was working remotely, Grant Brotze continued to work on site.

35.     Shortly thereafter, Umbria, who had received a raise in his annual salary to $116,160.00, and a $4,127.00 bonus, had his pay reduced by ten percent.

36.     Umbria effectively worked remotely during the next six weeks.

### The Termination of Umbria's Employment

37.     On May 7, 2020, VFCR advised Umbria that he was being "furloughed without pay."

38.     When Umbria was advised that he was being furloughed, Vice President and General Manager Zerfing and Vice President of IT Operations Lowe provided Umbria with assurances that when VFCR re-opened, Umbria would definitely be called back to work.

39.     At the time of the furlough, Zerfing and Lowe advised Umbria that the Pennsylvania Racehorse Development and Gaming Act, requires that licensed casinos must have an on-site IT Director.

40.     Two months later, on July 9, 2020, Chris Smith, Vice President Corporate Human Resources of Boyd Gaming, advised Umbria that his position was being eliminated, effective immediately.

5

41.     In a July 15, 2020  Boyd Gaming public statement regarding layoffs at VFCR, David Stow, Vice President of Communications, stated the following with regard to VFCR employees:

> "Given these ongoing challenges and continued uncertainty, we are moving forward with permanent layoffs of Team Members who are still on furlough, and who had not been recalled working. These layoffs are at the lower end of the range outlined in the Warn Act Letters, in May. We are hereby notifying the affected Team Members as expeditiously as we can.
>
> This was an extremely difficult decision for the Company, and one we had hoped would not be necessary. **To assist the Team Members during this difficult time, we will be providing financial assistance to those who are affected**."

(emphasis added)

42.     Contrary to Boyd Gaming's public statement, VFCR did not provide Umbria who was permanently laid off, "financial assistance" of any kind.

43.     Publicly available reports indicate that VFCR's revenue in July 2020 increased by 57.7%, as compared to July 2019.

44.     Grant Brotze, Manager of the IT Department, who is over 40 years younger than Umbria, was never furloughed, remains employed by VFCR, and is performing most of the duties previously performed by Umbria.

45.      While Brotze has not been formally designated Director of IT and is not legally qualified for his IT Manager position due to his lack of a High School diploma, initially it appears that a Boyd Gaming Regional IT Director based outside of Pennsylvania, who is substantially younger than Umbria, assumed the actual title of Director of IT at VFCR, and performed any of Umbria's duties that were not assumed by Brotze.

46.     On or about October 2020, VFCR appointed Schopf to assume the duties previously performed by Umbria that Brotze was not performing.

47.     VFCR treated Umbria differently than substantially younger employees, and employees who do not have long-term disabilities that during the onset of the COVID-19 required a reasonable accommodation in the form of being able to work remotely.

### Umbria's First EEOC Charge

48.     On October 2, 2020, Umbria filed EEOC Charge no. 530-2021-00021 ("the First EEOC Charge") against VFCR with the Philadelphia District Office of the EEOC.

49.     In the First EEOC Charge, Umbria alleges that he was discriminated against based upon his age, in violation of the ADEA and the PHRA, and that he was treated differently due to his disability status and request for a reasonable accommodation in violation of the ADA and PHRA.

50.     VFCR and Boyd Gaming received the First EEOC Charge directly from the EEOC by no later than January 7, 2021.

### The Director of IT position at the Kansas Star Casino

51.     Following the termination of Umbria's employment with VFCR, Umbria began a job search for Director of Information Technology positions at other casino properties.

52.     Boyd Gaming maintains a website at www.boydgaming.com.

53.     At www.boydgaming.com, there is a link titled, Careers.

54.     When a website visitor clicks Careers at www.boydgaming.com, the visitor is re-directed to www.boydcareers.com.

55.     On January 26, 2021, Umbria was looking at www.boydcareers.com and saw that there was an open Director of IT position at the Kansas Star Casino in Mulvane, Kansas, a Boyd Gaming property.

56.     The job description for the Director of IT position at the Kansas Star Casino was identical to the job that Umbria successfully performed at VFCR and provided:

The Director of IT at the Kansas Star has responsibility for oversight for the IT Systems and day-to-day IT activities. The essential job functions and duties of the position involve collaborating with the Regional IT Service Director, Corporate IT Services and Business Development departments, leading all IT Property Operations, being accountable for all Property IT Operations Systems and environments, leading the local development of implementation of strategic plans for operational activities, improvements and practices, developing and maintaining as appropriate IT property operations structure that supports the needs of the property, leading migration to new technologies, evaluating process performance, and overall resource utilization for effective capacity, and fostering strong customer service mindset throughout the IT team of user satisfaction, while championing thought leadership and innovation as business partners.

57.    On January 26, 2021, Umbria applied for the Director of IT position at the Kansas Star Casino at www.boydcareers.com.

58.    In applying for the Director of IT position at the Kansas Star Casino, as part of the application, Umbria was required to fill out his first name, last name, and other personal information.

59.    After Umbria completed the personal information part of the application form by filling in his social security number, Boyd Gaming's computer system automatically changed his first name to "EEOC," and his last name to "Form." (*See* Exhibit "A").

60.    Thereafter, Umbria was unable to modify his changed name as it was "greyed out"; however, he was able to enter his full name in an "other names used" field.

61.    Shortly after completing the application for the Director of IT position at the Kansas Star Casino, the same day, January 26, 2021, Umbria received an email from Alecia Pray of Boyd Gaming, confirming his application, which referred to Umbria as, "Dear EEOC." (*See* Exhibit "B").

62.    Internal Application Status Forms generated by www.boydcareers.com referred to Umbria as, "EEOC." (*See* Exhibit "C").

8

63.     On February 10, 2021, Umbria received an email from Boyd Gaming advising him that, "Upon careful review for the KS – Director of IT – KSPDRIT00 Position, we have decided to pursue other candidates."

64.     Boyd Gaming automatically flags applicants who have filed a Charge of Discrimination with the EEOC, so that it does not hire applicants for an open position for which they are qualified, or consider applicants for open positions.

65.     Umbria's online application through www.boydcareers.com was automatically flagged because he had filed a Charge of Discrimination with the EEOC.

66.     Boyd Gaming did not consider or hire Umbria for the Director of IT position at the Kansas Star Casino because he filed a Charge of Discrimination with the EEOC against a Boyd Gaming property.

67.     Umbria was fully qualified for the Director of IT position at the Kansas Star Casino.

68.     Boyd Gaming did not hire Umbria for the Director of IT position at the Kansas Star Casino despite Zerfing and Lowe's assertion that Umbria would be re-hired when a position became available.

69.     VFCR and Boyd Gaming have retaliated against Umbria in violation of the ADEA, ADA and PHRA by denying Umbria the opportunity to be hired for the Director of IT position at the Kansas Star Casino because Umbria filed a good faith claim of age discrimination and disability discrimination under the ADEA, ADA and PHRA.

70.     Umbria  has incurred substantial damages as a consequence of Defendants' conduct including lost wages and emotional distress.

71.     VFCR 's actions were willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

## COUNT I

### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

### 29 U. S. C. §621 et. seq.

### Age Discrimination

72     Paragraphs 1 to 71 are incorporated herein by reference, as if set forth in full.

73.     Umbria is over 40 years of age.

74.     VFCR is subject to the ADEA.

75.     Umbria was/is qualified for the Director of IT position.

76.     Grant Brotze is substantially younger than Umbria.

77.     Umbria suffered an adverse employment decision in the form of the termination of his employment.

78.     VFCR's actions towards Umbria and the decision to terminate Umbria 's employment was arbitrary and capricious, and based upon a discriminatory animus towards older employees in the workplace.

79.     Defendant VFCR's conduct is per se unlawful and constitutes unlawful age discrimination in violation of the ADEA.

80.     As a direct result of the aforesaid conduct, Umbria has sustained permanent and irreparable harm.

WHEREFORE, Plaintiff Steven Umbria requests that this Court enter judgment in his favor and against Defendant Valley Forge Casino Resort, and that this Court award Plaintiff all damages available under the Age Discrimination in Employment Act, including monetary

damages exceeding $150,000.00, in the form of all compensation and monetary losses, which Plaintiff has been denied, including back pay, front pay and prejudgment interest; reinstatement; ADEA liquidated damages; reasonable attorneys' fees; expert witness fees; costs; and any other relief which the court deems appropriate.

## COUNT II

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008

### 42 U. S. C. §12101, et. seq.

### Disability Discrimination

81.  Paragraphs 1 to 80 are incorporated herein as if set forth in full.

82.  Umbria is disabled within the meaning of the ADA.

83.  VFCR believed that Umbria had a physical impairment that substantially limited major life activities only as a result of the attitudes of others toward such impairment.

84.  When VFCR terminated Umbria's employment, VFCR regarded or treated Umbria as disabled.

85.  In terminating Umbria's employment, VFCR treated Umbria differently than other similarly situated individuals who are or were not disabled, whom VFCR, did not regard or perceive as disabled.

WHEREFORE, Plaintiff Steven Umbria requests that this Court enter judgment in his favor and against Defendant Valley Forge Casino Resort, and that this Court award Plaintiff all damages available under the Americans with Disabilities Act, as amended, including monetary damages exceeding $150,000.00, compensatory damages, punitive damages, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

11

<u>**COUNT III**</u>

**VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT**

**29 U. S. C. §621 et. seq.**

**Retaliation**

86.     Paragraphs 1 through 85 are incorporated herein by reference as though set forth in full.

87.     Umbria engaged in protected activity when he filed the First EEOC Charge, alleging that he was discriminated against based upon his age.

88.     The decision to not consider and/or hire Umbria for the  Director of IT position at the Kansas Star Casino constitutes retaliation against Umbria for filing an EEOC Charge for conduct which he reasonably believed to be age discrimination.

89.     As a direct result of the aforesaid unlawful retaliation, Umbria has sustained permanent and irreparable harm.

90.     Defendants' actions towards Umbria were arbitrary and capricious, and based on a discriminatory animus towards individuals who complain about age discrimination.

91.     Defendants' conduct is per se unlawful retaliation.

WHEREFORE, Plaintiff Steven Umbria requests that this Court enter judgment in his favor and against Defendant Valley Forge Casino Resort and Boyd Gaming Corporation, and that this Court enter a declaratory judgment that Defendants' actions complained of herein, violate and continue to violate the enactments of the federal legislature, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses, which he has been

denied, including back pay, front pay; pre-judgment interest; reinstatement, compensatory and liquidated damages; reasonable attorneys' fees, expert witness fees, costs, and any other relief which the court deems appropriate.

## COUNT IV

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008

### 42 U. S. C. §12101, et. seq.

### Retaliation

92.     Paragraphs 1 through 91 are incorporated herein by reference as though set forth in full.

93.     Umbria engaged in protected activity when he filed the First EEOC Charge, alleging that he was being discriminated against due to his disability.

94.     The decision to not consider and/or hire Umbria for the Director of IT position at the Kansas Star Casino position constitutes retaliation against Umbria for filing an EEOC Charge for conduct which he reasonably believed to be disability discrimination.

95.     As a direct result of the aforesaid unlawful retaliation, Umbria has sustained permanent and irreparable harm.

96.     Defendants' actions towards Umbria were arbitrary and capricious, and based on a discriminatory animus towards individuals who complain about disability discrimination.

97.     Defendants' conduct is per se unlawful retaliation.

WHEREFORE, Plaintiff Steven Umbria  requests that this Court enter judgment in his favor and against Defendant Valley Forge Casino Resort and Boyd Gaming Corporation, and

that this Court enter and that this Court enter a declaratory judgment that Defendants' actions

complained of herein, violate and continue to violate the enactments of the federal legislature,

award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary

losses, which he has been denied, including back pay, front pay; pre-judgment interest;

reinstatement, compensatory and liquidated damages; reasonable attorneys' fees, expert witness

fees, costs, and any other relief which the court deems appropriate.


/S/ Andrew S. Abramson, Ese.
_____
Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

Attorney for Plaintiff Steven Umbria

Dated: April 13, 2021

# EXHIBIT "A"

Navigation

()

# My Account/Personal Info

✳indicates required.

First Name

| EEOC                                                          ✳

Middle Name

|

Last Name

| Form                                                          ✳

Preferred Name

| Steven Umbria

Address 1

| 2 BARTON RD                                                   ✳

Address 2

|

City

| LIBERTY

Country

| United States

State/Province

| New York                                                      ✳

Postal Code

| 12754

Primary Phone

| United States (+1)

(845) 292-7219                                                              ✳

Secondary Phone

United States (+1)

(347) 729-3403

Extension

Cancel        Submit

Navigation

()

Search (../search/search.html)

My Account (../profile/accountSummary.html)

Not EEOC ? Sign Out (../registration/logout.html)

# EXHIBIT "B"

From: **Boyd Gaming Corporation** <noreply@boydgaming.com>
Date: Tue, Jan 26, 2021, 2:06 PM
Subject: Boyd Careers- Thank You For Your Application Submission
To: <sumbria@gmail.com>


Dear EEOC,

Thank you for your interest in Boyd Gaming Corporation and your recent resume submission.

Our Talent team received your resume for review. If any additional information is required, we will contact you!

We also encourage you to continue to explore other opportunites on our career site at www.boydcareers.com.

Thank you, again for considering Boyd Gaming as a place to showcase your talents!

Best regards,

Alecia Pray
Boyd Gaming Corporation


Join the fun and follow us!
Twitter
Facebook
LinkedIn

# EXHIBIT "C"



## Application Status

| Status | Title ▲ | Job ID | Date Applied |
|--------|---------|--------|--------------|
| Closed | DIRECTOR of INFORMATION TECHNOLOGY | 8559 | Jun 17, 2019 |
| WOTC Eligible None | DIRECTOR OF IT | 15684 | Jan 26, 2021 |

Back to My Account

Navigation

Search

My Account

Not EEOC 2 Sign Out

Navigation ▼

()

# My Account

Welcome, EEOC! From this page you can manage or view your account information, application activity, job alerts, and documents.

**Account Information** ▼

()

**Application Activity** ▼

()

**Job Alerts** ▼

()

**Documents** ▲

().

Save cover letters, resumes, and supporting documents to use in your job applications.

**Resumes** ▲

()

SU2018 (../docRepo/viewDoc.html?id=40656&docType=resume)  | ✖ |

Sumbria (../docRepo/viewDoc.html?id=76738&docType=resume)  | ✖ |

**+ Add**

**Additional Documents** ▼

()

Navigation ▲

()

Search (../search/search.html)

Case 2:21-cv-01718-ER   Document 1   Filed 04/13/21   Page 23 of 23

My Account (../profile/accountSummary.html)

Not EEOC ? Sign Out (../registration/logout.html)